IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMSCOPE TECHONOLOGIES LLC | ) ) ) |
| Plaintiff, | ) ) C.A. No. 20-1053-RGA ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| ROSENBERGER SITE SOLUTIONS, LLC; ROSENBERGER ASIA PACIFIC ELECTRONIC CO., LTD.; ROSENBERGER TECHONOLOGIES (KUNSHAN) CO. LTD. | ) ) ) ) ) ) |
| Defendants. | ) ) |

## SCHEDULING ORDER

This  15  day of January 2021, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) on **February 8, 2021**.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June 4, 2021**.

3. <u>Discovery</u>. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **March 31, 2022**.

b. <u>Document Production</u>. Document production shall be substantially complete by **October 1, 2021**.

c. <u>Requests for Production</u>. Requests for production shall be governed by the Federal Rules of Civil Procedure.

c. <u>Requests for Admission</u>. A maximum of **fifty (50)** Requests for Admission shall be allowed per side. This limit does not apply to a reasonable number of Requests for admission directed to the genuineness of any described document pursuant to Federal Rule of Civil Procedure 36(a)(1)(B)**.**

d. <u>Interrogatories</u>. A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side. For purposes of clarity, if a party serves a unique interrogatory, it will be counted as one interrogatory toward that party's total of twenty-five (25) interrogatories, regardless of how many parties that interrogatory is served upon, and all parties who are served with that interrogatory will answer it. For example, if Plaintiff serves the same interrogatory on all Defendants, it will count as one interrogatory toward Plaintiff's total, and all Defendants will answer.

e. <u>Depositions</u>.

    i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **eighty-four (84) hours** of oral deposition (including Rule 30(b)(6) and Rule 30(b)(1) depositions) and third-party depositions, exclusive of expert depositions for which the

    parameters are set forth below. A party may take more than one Rule 30(b)(6) deposition. All depositions are subject to the presumptive seven-hour limit unless otherwise agreed to by the parties or ordered by the Court.

ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

iii.    <u>Expert Depositions</u>. Depositions of expert witnesses shall be limited to **seven (7) hours per witness, per expert report**. For purposes of this paragraph, an expert report includes both the opening and reply reports on the same topic, such that, for example, if the same expert issues an opening and reply report on claim construction, an opening and reply report on invalidity, and an opening and reply report on noninfringement, that expert would be subject to one seven-hour deposition for each of his or her three expert reports, i.e., three seven-hour depositions. If an expert provides a report on both infringement and invalidity, that

> expert will be treated as having served two reports, even if infringement and invalidity are addressed in a single report.
>
> iv. <u>Necessity for Interpreter</u>. The parties agree that at depositions where the deponent requires an interpreter, there shall be an official interpreter hired by the side taking the deposition. The official interpreter shall have substantial experience performing verbatim translation at legal proceedings. Each side further reserves the right to hire its own interpreter to verify the translation by the official interpreter.  Should a deponent require an interpreter, only **sixty-five percent (65%)** of the actual deposition time used for the deponent will be counted against the total time allotted to the deposing side under the deposition time limit above, and only **sixty-five percent (65%)** of the actual deposition time used for the deponent will be counted toward the presumptive seven-hour limit of deposition time per witness. The parties will work cooperatively to conduct such depositions over more than one day, where appropriate. To the extent necessary, the parties may seek additional time for good cause.
>
> v. <u>Adjustment of Deposition Time Limits</u>. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition of any parties in this case. These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good

4

       cause shown. The parties shall coordinate depositions to reduce redundancy and inconvenience to the parties.

    vi. <u>Remote Depositions</u>. The parties agree to negotiate a remote deposition protocol if appropriate in view of the COVID-19 pandemic at the time that depositions take place.

  f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven (7) business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. By no later than five (5) business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to <u>rga_civil@ded.uscourts.gov</u>.

  If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  g. <u>Miscellaneous Discovery Matters.</u>

    i.    Initial patent disclosures shall be undertaken in accordance with the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Delaware Default ESI Rules"):

    a)   <u>Delaware Default ESI Rule 3 Disclosures</u>: The disclosures required by ESI Rule 3 shall be made by **February 8, 2021**.

    b)   <u>Delaware Default ESI Rule 4.a. Disclosures</u>: By **February 8, 2021**, Plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe and produce the file history for each asserted patent.

    c)   <u>Delaware Default ESI Rule 4.b. Disclosures</u>: By **March 8, 2021**, Defendants shall produce to the Plaintiff core technical documents related to the accused product(s).

    d)   <u>Delaware Default ESI Rule 4.c. Disclosures</u>: By **April 7, 2021,** Plaintiff shall produce to Defendants an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    e)   <u>Delaware Default ESI Rule 4.d. Disclosures</u>: By **May 7, 2021**, Defendants shall produce to Plaintiff initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

      ii.      There is no other pending or completed litigation involving one or more of the asserted patents in this or other Districts. There is an earlier filed action pending in the District of New Jersey in which CommScope, Inc. alleges that Defendants (and others) misappropriated trade secrets. *CommScope, Inc. v. Rosenberger Technology (Kunshan) Co. Ltd., et. al*, Case No. 2:19-cv-15962-MCA-LDW (filed July 29, 2019).

**Plaintiff's statement regarding whether it expects to institute any further litigation in this or other Districts within the next year:** Plaintiff expects to amend its complaint to add one or more additional patents to this action.

**Defendants' statement regarding whether they expect to file one or more IPRs, and if so, when:** Defendants expect to file IPRs addressing each of the currently asserted patents sometime between February and April 2021.

      iii.      Plaintiff shall provide copy of any relevant license(s) and/or settlement agreement(s) to Defendants on **February 8, 2021**.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on **January 28, 2021**.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court

7

>from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>.  On or before **May 14, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 21, 2021**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue

as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>[1]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **June 18, 2021**. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on **July 16, 2021**.  Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **July 30, 2021**.  Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on **August 13, 2021**. No later than **August 20, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.   Representative Claims

II.  Agreed-upon Constructions

III. Disputed Constructions

    A.   [TERM 1][2]

        1. Plaintiff's Opening Position

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

      2. Defendants' Answering Position

      3. Plaintiff's Reply Position

      4. Defendants' Sur-Reply Position

   B.    [TERM 2]

      1. Plaintiff's Opening Position

      2. Defendants' Answering Position

      3. Plaintiff's Reply Position

      4. Defendants' Sur-Reply Position

etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

   9.    <u>Hearing on Claim Construction</u>. Beginning at **8:30 a.m.** on **September 15, 2021**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

   10.    <u>Disclosure of Expert Testimony</u>.

      a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or

before **April 29, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 10, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **July 8, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **August 31, 2022**.

      b.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11.    <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **October 28, 2022**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page (40) opening

brief, one forty-page (40) answering brief, and one twenty-page (20) reply brief for all of its *Daubert* and case dispositive motions.

13. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference. On **February 3, 2023**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) **no later than 5 p.m. on the fourth business day before the date of the final pretrial conference**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted

on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **no later than 6 p.m. on the fourth business day before the date of the final pretrial conference**. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a **five (5) day** jury trial beginning at 9:30 a.m. on **February 24, 2023**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

## [PROPOSED] CASE SCHEDULE WITH ALL RELEVANT DATES

| Subject Matter | Agreed Upon Date |
|---|---|
| Parties to file Motion for Protective Order | January 28, 2021 |
| FRCP 26(a) Initial Disclosures | February 8, 2021 |
| ESI Rule 3 disclosures | February 8, 2021 |
| Production of licenses | February 8, 2021 |
| Plaintiff's identification of accused products, asserted patents, and damages model, and produce the file histories | February 8, 2021 |
| Defendants produce core technical documents and sales figures | March 8, 2021 |
| Plaintiff serves initial claim chart relating each accused product to the asserted claims each product allegedly infringes | April 7, 2021 |
| Defendants produce initial invalidity contentions and known invalidating references | May 7, 2021 |
| Exchange list of claim construction terms and proposed constructions | May 14, 2021 |
| File Joint Claim Construction Chart | May 21, 2021 |
| Joinder of other parties and amendment of pleadings | June 4, 2021 |
| Plaintiff serves opening claim construction brief | June 18, 2021 |
| Defendant serves answering claim construction brief | July 16, 2021 |
| Plaintiff serves reply claim construction brief | July 30, 2021 |
| Defendant serves sur-reply claim construction brief | August 13, 2021 |
| Joint claim construction brief filed with Court | August 20, 2021 |
| Claim construction hearing | September 15, 2021 at 8:30 a.m. |
| Substantial completion of document productions | October 1, 2021 |
| Close of fact discovery | March 31, 2022 |
| Opening expert reports | April 29, 2022 |
| Rebuttal Expert reports | June 10, 2022 |
| Reply expert reports | July 8, 2022 |
| Close of expert discovery (depositions to be completed) | August 31, 2022 |
| Case dispositive/Daubert motions | October 28, 2022 |

RLF1 24623194v.1

| Subject Matter | Agreed Upon Date |
|---|---|
| Pretrial Conference | February 3, 2023 at 9:00 a.m. |
| Trial (5 days) | February 24, 2023 at 9:30 a.m. |