IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMMSCOPE TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 20-1053 (RGA) |
| ROSENBERGER SITE SOLUTIONS, | ) | |
| LLC; ROSENBERGER ASIA PACIFIC | ) | |
| ELECTRONIC CO., LTD.; and | ) | |
| ROSENBERGER TECHNOLOGIES | ) | |
| (KUNSHAN) CO. LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties and

their respective undersigned counsel, that this Protective Order shall govern the disclosure,

handling, and use of documents, testimony, and other information or items that are produced,

given, or otherwise exchanged amongst the parties and any non-parties throughout the duration of

this action.

IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure that the following Protective Order shall be adopted.

**A.    Proceedings and Information Governed**

1.    This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c).  It

governs any document, information, or other thing furnished by any party, including any non-party

who produces documents or information in connection with this action (the "Producing Party") to

any other party (the "Receiving Party) in this action.  The information protected includes, but is

not limited to: answers to interrogatories; answers to requests for admission; responses to requests

for production of documents; deposition testimony, transcripts, and videotapes; deposition

exhibits; and other writings, information, or things produced, given or filed in this action that are designated by a Producing Party as "Confidential" or "Highly Confidential – Attorney Eyes Only" in accordance with the terms of this Protective Order, regardless of the medium or manner in which they are generated, stored, or maintained, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, compilations, or other forms of recorded information containing, reflecting, or disclosing such writings, information, or things (including any testimony, conversations, or presentations by a party or its counsel that might reveal information or items that have been designated in accordance with the procedures set forth herein).  For ease of reference, "Information" as used herein includes all such documents, information, material, and things governed by this Protective Order.

B.      **Designation and Maintenance of Information**

2.      For purposes of this Protective Order:

a.      The "Confidential" designation means that the designating party believes, in good faith, that the Information contains, embodies, refers to, and/or reflects (a) trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, (b) private or confidential personal information, (c) information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

b.      The "Highly Confidential – Attorney Eyes Only" designation means that the designating party believes, in good faith, that the Information contains, embodies, refers to, and/or reflects highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

3.      The Confidential or Highly Confidential – Attorney Eyes Only designation under this Protective Order does not apply to Information that is (i) already in the lawful knowledge or possession of the Receiving Party prior to being designated with a confidentiality designation for this action, but only insofar as the Receiving Party is not otherwise under a duty not to disclose such Information, (ii) obtained by the Receiving Party from a source who lawfully obtained the Information and who was under no duty not to disclose it, or (iii) in the public domain at the time of receipt by the Receiving Party or that becomes part of the public domain, after receipt by the Receiving Party, in a manner that does not violate this Protective Order or any other law or duty of non-disclosure.

4.      Nothing in this Protective Order shall (i) affect the right of the Producing Party or designating party to disclose or use its own Information for any purpose, or (ii) prevent or otherwise restrict counsel from rendering legal advice to their client(s) and in the course thereof relying on Information designated under this Protective Order, provided, however, that counsel shall not disclose, reveal, or describe the content of any such Information except insofar as is allowed, if at all, under the terms of this Protective Order.

5.      Information produced during the course of this litigation may be designated under this Protective Order by the Producing Party by placing on each page and each thing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," as appropriate.

6.      Information produced in native electronic format shall be designated by appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format.  If such material is printed, such as for use at a deposition or in a court proceeding, the party printing the

3

materials shall label or mark each page of the printed materials with the designation of the electronic file.

7.      Information produced in some form other than documentary shall be designated by affixing a legend with the appropriate designation in an obvious place on the exterior of the container or the like in which protectable information is stored.  If Information is not reduced to documentary, tangible, or physical form, or cannot be conveniently designated in the manner set forth above, it shall be designated by the Producing Party by informing the Receiving Party in writing, via email to outside counsel of record for the Receiving Party, of the specific Information subject to the provisions of this Protective Order and which of the confidentiality designations applies to that Information.

8.      Any party may designate Information disclosed at a deposition or other pre-trial testimony setting, including any exhibits, as Confidential or Highly Confidential – Attorney Eyes Only by requesting that the reporter so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of receipt of the final transcript of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript (or any portion thereof or exhibits thereto) is to be designated as Confidential or Highly Confidential – Attorney Eyes Only, which period may be extended by agreement of the parties.  If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript and exhibits must be treated as Highly Confidential – Attorney Eyes Only, unless the disclosing party consents to less confidential treatment of the Information), the entire deposition will be considered devoid of Confidential or Highly Confidential – Attorney Eyes Only Information.  Transcripts containing pages designated with a confidentiality designation

4

shall include an obvious legend on the title page (e.g., "This transcript contains Highly Confidential – Attorney Eyes Only information").  Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential – Attorney Eyes Only, all parties and the court reporter shall immediately cause each copy of the transcript in their possession, custody, or control to be appropriately marked, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

9.    It is the responsibility of counsel for each party to maintain Confidential or Highly Confidential – Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access only to such persons and under such terms as is permitted under this Protective Order.

10.    Each party or non-party that designates Information for protection under this Protective Order must take reasonable care to limit any such designation to specific Information that qualifies under the appropriate standards.  To the extent it is practical to do so, the Producing Party must designate for protection only those parts of Information that qualify, so that other portions of the Information for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Producing Party's attention that Information that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

11.    There shall be no disclosure of any Information designated as Confidential or Highly Confidential – Attorney Eyes Only under this Protective Order by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The

5

parties are hereby ordered to safeguard all such Information to protect against disclosure to any unauthorized persons or entities.

## C.      **Inadvertent Failure to Designate**

12.      The inadvertent failure to designate or withhold any Information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the Producing Party or any other party from designating such Information as confidential at a later date in writing and with particularity. The Information must be treated by the Receiving Party as subject to the most recent designated confidentiality from the time the Receiving Party is notified in writing of the change in the designation. Within five (5) calendar days of changing any designation, the Producing Party must provide a properly labeled version of such designated Information. Upon receipt of the properly labeled version, the Receiving Party must destroy or return the unlabeled, undesignated, or incorrectly labeled or designated version. If, before receiving such notice, the Receiving Party disclosed such Information to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must inform the Producing Party and/or designating party of such disclosure and make all reasonable efforts to assure that the Information is treated in accordance with the provisions of this Protective Order, including retrieving or destroying any copies that may have been disclosed to unqualified recipients. If a party receives Information from another party that it reasonably believes should have been marked as Confidential or Highly Confidential – Attorney Eyes Only, or to be privileged or otherwise immune from production, it will treat the Information as confidential and immediately inform the other party of its belief. The notified party will have ten (10) business days to claw back the Information or provide the proper designation.

6

13.    When a Producing Party gives notice to the Receiving Party that Information subject to a claim of privilege or other protection from disclosure has been inadvertently produced, the Receiving Party shall not use, and shall immediately cease any prior use of, such Information, including to assess or challenge the assertion of privilege, and its treatment of such Information shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of any privileged or otherwise-protected Information shall not constitute a waiver or impairment of, nor prejudice to, any claim of privilege, immunity, or protection, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine, to which the Producing Party would otherwise have been entitled had the Information not been inadvertently produced or disclosed.  Employing electronic keyword searching to identify and prevent disclosure of privileged Information constitutes "reasonable steps to prevent disclosure" under Rule 502(b)(2) of the Federal Rules of Evidence.  The entry of this Protective Order by the Court constitutes a court order under Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by that Rule.  Within three (3) business days of receiving a clawback request, the Receiving Party shall return to the Producing Party, or destroy, all Information identified by the Producing Party as being protected by a privilege and/or immunity and inadvertently produced (including taking reasonable steps to retrieve any copies of the Information shared with any other persons or entities prior to receiving such notice), and confirm such return or destruction in writing to counsel for the Producing Party.  The Receiving Party shall not utilize or disseminate the inadvertently produced Information for any purpose. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation

by submitting a written challenge to the Court.  Any such challenge may not be based on the fact of the Producing Party's inadvertent production or disclosure, and shall not disclose or otherwise use the content of the inadvertently produced Information (beyond what appears on the privilege log) in any way.  The parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a Receiving Party for submission to the Court.

**D.      Challenge to Designations**

14.    A Receiving Party may challenge a confidentiality designation at any time. No party waives its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, unless the failure to make a prompt challenge to a confidentiality designation causes substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or significant delay of the litigation.  Any challenge to a confidentiality designation (i) shall be in writing, (ii) shall be served on counsel of the Producing Party (or other designating party), (iii) shall particularly identify the Information (including page numbers as appropriate) that the Receiving Party alleges should be differently designated, and (iv) shall describe the basis for each challenge.  The Producing Party (or other designating party) will then have ten (10) business days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation.  Within seven (7) business days of service of the Producing Party's (or other designating party's) response, the parties shall meet and confer in an attempt to resolve each challenge in good faith.  If the parties are unable to reach agreement, the Receiving Party may seek an order to alter the confidential status of the designated Information pursuant to the procedure for Discovery Matters and Disputes Relating to Protective Orders identified in Paragraph 3(f) of the Scheduling Order (D.I. 22).  Until any dispute under this paragraph is ruled upon by the Court, the designation will remain in full force and effect, and the

8

Information will continue to be accorded the confidential treatment required by this Protective Order.

**E.**    **Disclosure and Use of Confidential and Highly Confidential – Attorneys Eyes Only Information**

15.    Information designated as Confidential or Highly Confidential – Attorney Eyes Only, and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, may only be used for purposes of preparation, trial, and appeal of this action and not for any other purpose, including, without limitation, any business, commercial, competitive, personal, or other purpose; patent prosecution or licensing; dissemination to the media or public; or other litigation.    Such Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

16.    Confidential Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

a.    The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit; and

b.    anyone entitled to receive Highly Confidential – Attorney Eyes Only material.

17.    Highly Confidential – Attorney Eyes Only Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

a. outside counsel of record for the Receiving Party and other attorneys at the same firm as outside counsel of record who are working on the case and its employees/staff responsible for supporting or assisting outside counsel in connection with this action;

b. Experts, as defined and authorized under Section F of this Protective Order;

c. secretarial, paralegal, clerical, duplicating, and data personnel of the foregoing;

d. the Court, court personnel, and the jury;

e. vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants and mock jurors, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in deposition or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

f. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

g. the author or recipient of the Information prior to its production or disclosure in this litigation; and

h. individuals to whom counsel for the party designating the Information agrees that the material may be disclosed.

18.    Any deponent may be shown or examined on any Information designated Confidential or Highly Confidential – Attorney Eyes Only if it is apparent that the witness authored or received a copy of it; the witness is known to have been involved in the subject matter described therein; or if the Producing Party consents to such disclosure.  In addition, a person testifying as a designee under Fed. R. Civ. P. 30(b)(6) may be shown Confidential or Highly Confidential – Attorney Eyes Only Information of the party on whose behalf the person is testifying.

19.    No deposition that may involve a disclosure of Confidential or Highly Confidential - Attorney Eyes Only Information shall be attended by any individual other than the deponent; outside counsel of record and supporting employees or staff; experts to whom disclosure is permitted under the terms of this Protective Order; the court and court personnel; and vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, stenographers, videographers, and litigation support personnel.

20.    All Confidential or Highly Confidential – Attorney Eyes Only Information filed with the Court shall be filed under seal, in accordance with local rules, and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" within the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order. All such documents filed with the court shall be subject to the terms of this Protective Order.

F.    **Disclosure and Use of Confidential and Highly Confidential – Attorneys Eyes Only Information: Experts**

21.    The term "Expert" refers to a person with specialized knowledge or experience in a matter pertinent to this action who (i) has been retained by a party or its counsel to

serve as a testifying or non-testifying expert witness or as a consultant in this action, (ii) is not a current or anticipated employee of a party or a party's competitor, (iii) is not a past employee of an opposing party, and (iv) is not currently or anticipated to be involved in a product and/or process design or development for a party or a party's competitor.  For purposes of clarity, "Experts" includes individuals retained for their specialized knowledge or experience in subject matters that are relevant to the issues in dispute, such as technical and damages issues, but does not include litigation and support professionals such as jury and trial consultants.

22.    Prior to disclosing Confidential or Highly Confidential – Attorney Eyes Only Information to a Receiving Party's proposed Expert, the Receiving Party must provide to the Producing Party:

a.    a signed Acknowledgment and Agreement to Be Bound in the form attached as Exhibit A;

b.    the following information:  name, address, resume or curriculum vitae, current employer(s), employment history for the past ten (10) years (including all companies or law firms for which the individual has consulted or been employed, including consulting or employment relating to litigation or other legal activities and disputes, the nature of such consultation or employment, and the time period of such consulting or employment), a list of all publications from the past ten (10) years, and a listing of cases (including case name, case number, and court/agency) in which the witness has either submitted any report or affidavit or testified as an expert at deposition, hearing, or trial within the preceding five (5) years (including identification of the party for whom the individual testified). If the proposed expert or consultant is prohibited due to confidentiality obligations to a non-party from

12

disclosing a present or prior employment or consultancy, the expert or consultant shall so state and shall in that case disclose such information as the expert or consultant is permitted to provide regarding the nature of the employment or consultancy (such as, e.g., the industry or technology involved in that employment or consultancy; whether the employment or consultancy was for a competitor of a party; etc.) to enable, to the extent possible, the Producing Party to determine whether or not to object to the expert or consultant; and

c.      any current and past personal or professional relationships with the parties or their predecessors-in-interest.

23.     The Producing Party will thereafter have ten (10) business days from receipt of all materials described above to object to any proposed Expert's receipt of that party's Confidential and Highly Confidential – Attorney Eyes Only Information.  The objection must be made in writing and state with particularity the reasons for the objection.  If an objection is made, there shall be no disclosure of the objecting party's Confidential and Highly Confidential – Attorney Eyes Only Information to the Expert until the objection is resolved.  Failure to object within ten (10) business days constitutes the Producing Party's approval of the disclosure of Confidential and Highly Confidential – Attorney Eyes Only Information to the proposed Expert. If an objection is timely made, the parties shall meet and confer within five (5) business days to attempt in good faith to resolve the dispute.  If the parties are unable to resolve any objection, the Receiving Party may apply to the Court to resolve the matter.  There will be no disclosure of another party's Confidential and Highly Confidential – Attorney Eyes Only Information to any proposed Expert during the ten (10) business day objection period, unless that period is waived by

the Producing Party; or if any objection is made, until the parties have resolved the objection or the Court has ruled upon any resultant motion.

24.     Counsel for respective parties is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed Acknowledgment and Agreement to be Bound in the form attached as Exhibit A.

**G.     Expert Discovery**

25.     The following provisions apply to Experts as defined and authorized by Section F, above:

a.     No testifying expert shall be subject to discovery with respect to any draft or non-final version of his or her report(s) in this case.  Draft reports, notes, comments, communications, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.  Drafts and/or non-final versions of summaries, charts, illustrative documents, exhibits, declarations, affidavits, models, computer programs, calculations, computations, data runs, or other documents or materials prepared by a testifying expert and/or persons working under the testifying expert's supervision, or at the testifying expert's firm, in connection with or related to the testifying expert's report or the opinions to which he or she will testify are also exempt from discovery.

b.     Discovery of materials provided to testifying Experts (or any persons working under his or her supervision) shall be limited to that set forth in Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

c.      No conversations or communications between parties and/or counsel and any testifying Experts (or any persons working under his or her supervision) will be subject to discovery other that set forth in Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

d.      No discovery shall be taken from any non-testifying Expert, except to the extent that such Expert has provided information, opinions, or other materials to a testifying Expert who then relies upon such information, opinions, or other materials in formulating opinions that are presented in expert reports or declarations, in trial or deposition testimony, or in any other opinion offered in this case, or as otherwise set forth in Fed. R. Civ. P. 26(b)(4)(D).

**H.    <u>Non-Party Information</u>**

26.    The provisions of this Protective Order are applicable to Information produced by any non-party in this action. The existence of this Protective Order must be disclosed to any non-party producing Information in this action, along with the subpoena or other request for information directed to that non-party. Any such non-party may designate Information pursuant to this Protective Order. The remedies and relief provided herein protect all materials produced by a non-party in this action. However, nothing in this provision should be construed as prohibiting a non-party from seeking additional protections. A non-party's use of this Protective Order for production of Information does not entitle that non-party to have access to Information produced by any party in this action.

**I.    <u>Non-Waiver</u>**

27.    Designating, producing or receiving Information under, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any

party that any particular Confidential or Highly Confidential – Attorney Eyes Only Information does or does not contain or reflect trade secrets or any other type of confidential or proprietary Information; (b) operate as an admission as to evidentiary admissibility at any court proceeding; (c) prejudice the rights of a party to object to the production of Information that the party does not consider to be within the proper scope of discovery; (d) prejudice the rights of a party to seek a determination by the Court that particular Information be produced; (e) prejudice the rights of a party to apply to the Court for further protective orders; or (f) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular Information.

## J.    Unauthorized Disclosure

28.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential – Attorney Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) make every effort to prevent further unauthorized disclosure, including by retrieving all unauthorized copies of the Confidential or Highly Confidential – Attorney Eyes Only Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons agree to be bound by this Protective Order by immediately executing the Acknowledgment and Agreement to be Bound attached hereto as Exhibit A.

## K.    Conclusion of Litigation

29.    Within thirty (30) calendar days after final judgment in this action, including the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

16

this action (including the time limits for filing any motions or applications for extension of time pursuant to applicable law); or within thirty (30) calendar days after dismissal of all claims and defenses in this action pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order must destroy or return to the Producing Party all materials and documents containing or deriving from (including all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the designated material) Confidential or Highly Confidential – Attorney Eyes Only Information. The Receiving Party's obligation to return or destroy Confidential or Highly Confidential – Attorney Eyes Only Information received from another party extends to such Information the Receiving Party disclosed to others pursuant to this Protective Order. The Receiving Party must submit a written certification to the Producing Party by the 30-day deadline that confirms that it has returned or destroyed all Confidential or Highly Confidential – Attorney Eyes Only Information of the Producing Party, and affirms that neither the Receiving Party nor others to which the Receiving Party disclosed such Information has retained any such Information (or otherwise identifies any person or entity that has failed to return or destroy such Information). However, outside counsel of record for any party is entitled to retain an archival copy of all pleadings; motion papers (including all supporting and opposing papers, and exhibits and declarations thereto); trial, deposition, and hearing transcripts; deposition and trial exhibits; legal memoranda; correspondence (including email); communications; written discovery requests and responses; expert reports and declarations and exhibits thereto; expert witness work product; and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. To the extent that the duties imposed on a Receiving Party by this paragraph conflict with the

17

Receiving Party's obligations in another action, the Receiving Party shall seek guidance of this Court within a reasonable amount of time of becoming aware of the conflict.

30.    The terms of this Protective Order shall survive the termination of the litigation with respect to any confidential material that does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order. The parties agree that any order of dismissal of this action as to any or all parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each party hereby consents to the personal jurisdiction of the Court for that purpose.

**L.    Other Proceedings**

31.    By entering this order and limiting the disclosure of Information in this case, the Court does not intend to preclude another court from finding that Information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's Information designated as Confidential or Highly Confidential – Attorney Eyes Only pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that Information should be disclosed, as further described below in paragraph 32.

32.    If a Receiving Party is served with a subpoena, court order, or motion to disclose Information another party has designated as Confidential or Highly Confidential – Attorney Eyes Only pursuant to this order, the Receiving Party shall promptly (and in any event within ten (10) business days of receiving the subpoena, order, or motion) notify the Producing Party (or other party who designated the Information at issue as confidential) in writing of the subpoena, order, or motion so that the party may have an opportunity to appear and be heard on

18

whether that Information should be disclosed.  Such notification must include a copy of the subpoena, order, or motion.  The Receiving Party must also promptly inform in writing the party who caused the subpoena or order to issue, or who filed the motion, that some or all of the Information covered by the subpoena, order, or motion is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue, or that filed the motion.  The party who designated Information as Confidential or Highly Confidential – Attorney Eyes Only shall bear the burden and expense of seeking protection in the other forum of its designated Information.  If the Producing Party or other designating party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the designated Information prior to receiving a court order or consent of the Producing Party (or other designating party).  In no event shall such Confidential or Highly Confidential – Attorney Eyes Only Information be produced by a party receiving a subpoena or request without providing the Producing Party an opportunity to quash, limit, or object, absent a court order to do so or as otherwise required by law.  In the event that Confidential or Highly Confidential – Attorney Eyes Only Information is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Protective Order shall continue to apply to such Information.  In the event that Information designated as Confidential or Highly Confidential – Attorney Eyes Only Information under this Protective Order is produced to a non-party, such material shall be treated as Confidential or Highly Confidential – Attorney Eyes Only Information pursuant to this Protective Order.

19

**M.**     **Prosecution Bar**

33.     Absent written consent of the Producing Party, any person reviewing Confidential or Highly Confidential – Attorney Eyes Only material containing technical Information of a current or future product or service of any party shall not for a period commencing upon receipt of such Information and ending one (1) year following the final conclusion of the above-captioned action (including any time to appeal and resolution of any appeal) engage in any Prosecution Activity (as defined below) substantially related to the subject matter of the patents at issue in this action.  "Prosecution Activity" shall, except as provided otherwise below, mean any activity related to competitive business decisions involving the preparation or prosecution (for any person or entity) of patent applications substantially related to the subject matter of the patents at issue in this action, or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, or drafting of claims for any patent application, reexamination, *inter partes* review, reissue patent application, or any other post-grant proceeding at any patent office.  Prosecution Activity as used in this paragraph does not include assisting, representing, or engaging in any of the aforementioned activities by the parties' counsel or their clients and affiliates, including but not limited to the parties in this litigation, (i) in connection with challenging or responding to any challenge of the validity of a patent in reexaminations, *inter partes* reviews, or other post-grant challenges to patents, or (ii) activities by any person subject to this provision for purposes of performing administrative tasks for pending patent application on which the person is an inventor and which were filed before January 1, 2018.  Administrative tasks in this context do not include directly or indirectly (*e.g.*, by advising) drafting or revising patent applications, responses to office actions, amendments, examiner interviews or any invention disclosures used in a patent application that are substantially related to the subject matter of the

20

patents at issue in this action. Administrative tasks are only meant to include submitting prior art to the patent office, or signing of assignments, declarations, power of attorneys, terminal disclaimers and other documents not affecting the scope of the disclosure or the claims. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in these actions from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in these actions with his or her client.

## N.    Remedies

34.    It is Ordered that this Protective Order may be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

35.    The parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If any person violates or threatens to violate the terms of this Protective Order, the actual or potentially aggrieved entity may move the Court for injunctive relief against any such violation or threatened violation, and any person who is subject to the provisions of this Protective Order may not employ as a defense that the movant possesses an adequate remedy at law.

36.    The parties may provide for exceptions to this Protective Order by stipulation. By stipulating to this Protective Order, the parties do not waive the right to argue that

21

certain information may require additional or different protections than those set forth herein. Nothing in this Protective Order shall be deemed to preclude any party from seeking or obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Information or relief from this Protective Order with respect to particular Information.

37.     Nothing in this Protective Order shall affect in any way any Party's right to offer Confidential or Highly Confidential – Attorney Eyes Only Information into evidence during trial or at any hearing in this action, nor shall it modify any party's right to object to the introduction of such Information or to move for appropriate protection of this Information.  If any party includes in its pre-trial exhibit list, or otherwise anticipates that it will introduce as evidence at any hearing or at trial, any Confidential or Highly Confidential – Attorney Eyes Only Information from a non-party, that party will provide sufficient notice to the non-party to allow it an opportunity to object or to request specific procedures from the Court governing use of such Information at the trial or hearing.

SO ORDERED this  22  day of _____March_____, 2021

                                        /s/ Richard G. Andrews
                                        UNITED STATES DISTRICT JUDGE

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMMSCOPE TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 20-1053 (RGA) |
| ROSENBERGER SITE SOLUTIONS, | ) | |
| LLC; ROSENBERGER ASIA PACIFIC | ) | |
| ELECTRONIC CO., LTD.; and | ) | |
| ROSENBERGER TECHNOLOGIES | ) | |
| (KUNSHAN) CO. LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I _____, hereby affirm that:

I reside at_____

_____[full address].

I am currently employed by _____,

located at _____, and my current job title

is _____.

Information, including documents and things, designated as Confidential or Highly

Confidential – Attorney Eyes Only as defined in the Protective Order entered in the above-

captioned action ("Protective Order"), is being provided to me pursuant to the terms and

restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.  I understand that any violation of the Protective Order may subject me to sanctions by the court.

I submit to the jurisdiction of the U.S. District Court for the District of Delaware for enforcement of the Protective Order.

I agree not to use any Confidential or Highly Confidential – Attorney Eyes Only information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and in accordance with the Protective Order.  I further agree not to disclose any of this information to persons other than those specifically authorized to receive it by the Protective Order.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of these Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential or Highly Confidential – Attorney Eyes Only information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any copies, excerpts, summaries, notes, digests, abstracts, indices, or other writings prepared by me containing any Confidential or Highly Confidential - Attorney Eyes Only information are to be destroyed or returned to counsel who provided me with such documents and materials, at the direction of that counsel.

2

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed

_____
Printed Name

_____
Date

_____
City, State