IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

COMMSCOPE TECHNOLOGIES LLC.,

                        Plaintiff;

v.

ROSENBERGER SITE SOLUTIONS, LLC; ROSENBERGER ASIA PACIFIC ELECTRONIC CO., LTD.; ROSENGERBER TECHNOLOGIES (KUNSHAN) CO. LTD.; and ROSENBERGER TECHNOLOGY LLC,
                        Defendants.

Civil Action No. 20-1053-RGA

MEMORANDUM OPINION

Kelly E. Farnan, Valerie A. Caras, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Philip P. Caspers, J. Derek Vandenburgh, Timothy A. Lindquist (argued), Dennis C. Bremer (argued), Iain A. McIntyre, Tara C. Norgard, Saukshmya Trichi, CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A., Minneapolis, MN;

    Attorneys for Plaintiff.

Rodger D. Smith II, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; David I. Gindler (argued), Y. John Lu (argued), MILBANK LLP, Los Angeles, CA; Kim B. Goldberg, MILBANK LLP, New York, NY;

    Attorneys for Defendants.

November 4, 2021

1

*[signature]*
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is the issue of claim construction of the term "high impedance at an operating frequency of the higher band radiating element" in claim 16 of U.S. Patent No. 9,698,486. It is one of ten disputed terms on which I heard oral argument (D.I. 119) after briefing (D.I. 110-1). On September 23, 2021, I issued a claim construction order regarding the other nine claim terms. (D.I. 109).

Plaintiff CommScope "designs, manufactures, and sells telecommunications products and equipment." (D.I. 1 at ¶ 3). The patent at issue relates to improvements to "base station antennas," the antennas used on cell phone towers. (D.I. 100-1 at 1). Cell towers receive signals coming in at various frequency bands. (D.I. 119 at 4:24-5:6). Because of the "limited real estate" on a cell phone tower, antennas have been designed to receive multiple frequency bands. (*Id.* at 4:20-5:21). These "multiband antennas," however, can cause distortions. ('486 Patent at 1:35-58). The '486 Patent solves some of these distortion problems by preventing the antenna elements intended to receive high bands from transmitting low band signals. (D.I. 119 at 5:14-6:6).

At issue is the italicized language in claim 16:

> The higher band radiating element of claim 14, wherein the common mode tuning circuit comprises a transmission line connecting the first node to the stalk, and wherein a length of the transmission line is selected such that it appears as a *high impedance at an operating frequency of the higher band radiating element*.

Plaintiff's proposed claim construction is "an impedance that is high relative to the impedance of the first capacitor at the operating frequency of the higher band and does not adversely affect higher band signals between the stalk and the dipole." (D.I. 100-1 at 36). At oral argument, Plaintiff agreed that the construction, "an impedance that is high relative to the impedance of the

2

first capacitor at the operating frequency of the higher band," is fair. (D.I. 119 at 54:8-17). Defendants contend that the term is indefinite. (*Id.*).

Plaintiff argues that "high impedance" is a relative term and that a person of skill in the art (POSA) would understand this based on the specification. (D.I. 100-1 at 38). According to Plaintiff, the "whole point of the invention" is to direct the high band current to pass through the capacitor and prevent it from going through the tuning circuit. (D.I. 119 at 49:5-18). To prevent this, the tuning circuit must have a high impedance relative to the current's intended path of the capacitor. (*Id.*) Plaintiff cites to various passages in the specification in support of its construction. (*See* D.I. 100-1 at 37-38).

Defendants argue, "The term 'high impedance' is indefinite because the intrinsic record does not provide 'objective boundaries' as to what qualifies as 'high.'" (D.I. 100-1 at 39). I do not think the specification needs to describe numerical boundaries for this term to be definite. It is enough that a POSA who understands the objectives of the patent from reading the specification would be able to identify what a "high impedance" would be for any particular embodiment of the invention.

Defendants further argue that the inventors knew how to use relative language in claiming impedance levels and did not do so for Claim 16. (D.I. 119 at 56:5-6). Claim 17, which depends on Claim 16, uses the phrase "relatively low impedance." The lack of the word "relatively" in Claim 16, according to Defendants, means that Claim 16 ought to be interpreted to exclude the concept of relativeness. I find, however, that the claim language "it appears as" can also convey a sense of relativeness to the POSA.

Since I think the construction proposed at oral argument captures the meaning of the disputed term, I will adopt that construction.

I therefore find that Defendants have not proved indefiniteness by clear and convincing evidence. *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017).

The parties should submit an appropriate implementing order within five days.