IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMMSCOPE TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1053 (RGA) |
| | ) | |
| ROSENBERGER SITE SOLUTIONS, LLC; | ) | REDACTED - PUBLIC VERSION |
| ROSENBERGER ASIA PACIFIC | ) | Original filing date: January 19, 2022 |
| ELECTRONIC CO., LTD.; ROSENBERGER | ) | Redacted filing date: February 1, 2022 |
| TECHNOLOGIES (KUNSHAN) CO. LTD.; | ) | |
| and ROSENBERGER TECHNOLOGIES | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFF
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendants Rosenberger Site Solutions, LLC, Rosenberger Asia Pacific Electronic Co., Ltd., Rosenberger Technologies (Kunshan) Co., Ltd., and Rosenberger Technologies LLC (collectively, "Rosenberger" or "Defendants") will take the deposition upon oral examination of Plaintiff CommScope Technologies LLC at a time and place (either in-person or remotely via videoconference) on which the parties mutually agree, and will continue from day to day until completed. The deposition will be taken before a court reporter or other person authorized by law to administer oaths, and it will be recorded by stenographic means and/or video (audio and video). Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, CommScope shall designate a witness or witnesses to testify on each of the topics set forth in Exhibit A attached hereto. CommScope shall specify in writing at least seven (7) business days in advance of the deposition the matters on which each witness designated will testify.

| | |
|---|---|
| OF COUNSEL:<br><br>David I. Gindler<br>Y. John Lu<br>MILBANK LLP<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067-3019<br>(424) 386-4000<br><br>Kim B. Goldberg<br>Jordan Fernandes<br>MILBANK LLP<br>55 Hudson Yards<br>New York, NY 10001<br>(212) 530-5000<br><br>January 19, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith II*<br>_____<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br><br>*Attorneys for Defendants* |

# EXHIBIT A

# DEFINITIONS

1. "Asserted Patents" shall mean, collectively, United States Patent Nos. 7,358,922; 7,535,430; 9,698,486; 9,831,548; 10,439,285; 10,498,035; 10,547,110; 10,777,885; and 8,164,536, and any other patents that CommScope accuses any Defendant of infringing in this action.

2. The terms "CommScope," "Plaintiff," "you," "your," and "yours" refer to CommScope Technologies LLC, CommScope, Inc., and: (a) any of their divisions, departments, parents, subsidiaries, affiliates, assigns, or other organizational or operational units; (b) all predecessor or successor companies or corporations; (c) all companies, corporations, partnerships, associations, or other business entities, which are or have been under common ownership or control, are controlled by CommScope Technologies LLC or CommScope, Inc., which control CommScope Technologies LLC or CommScope, Inc., or which are under common control in any manner with CommScope Technologies LLC or CommScope, Inc.; and (d) each of the present and former officers, directors, employees, agents, investigators, accountants, consultants, attorneys, or other representatives of any of them.

3. "Amended Complaint" means the amended complaint filed in this action on March 11, 2021 (D.I. 42).

4. "BSA" means the wireless network infrastructure product described in the Amended Complaint and referred to as a base station antenna.

5. "CommScope BSA" means each base station antenna designed, developed, sold, or manufactured by CommScope.

6. "BSA Patent" shall mean any U.S. or foreign patent or patent application held by CommScope or a third party relating to BSAs, including the Asserted Patents.

7. "Referring to," "relating to," and "regarding" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

8. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production any information which might otherwise be construed to be outside their scope.

9. "Communications" means all transmissions of information of any kind, orally, in writing, or in any other manner.

10. "Including" means including but not limited to.

11. "Person" means any natural person or any business, legal or governmental entity, or association.

## TOPICS FOR EXAMINATION

### TOPIC NO. 1:

All facts and circumstances related to the alleged invention (i.e., conception and reduction to practice) and inventorship of the Asserted Patents or related patents and applications.

### TOPIC NO. 2:

All facts and circumstances relating to the research and development related to the technology described and claimed in each of the Asserted Patents or related patents and applications, including conception, diligence, and reduction to practice of any subject matter claimed in the Asserted Patents or related patents and applications.

**TOPIC NO. 3:**

All facts and circumstances relating to the preparation, filing, and prosecution of the Asserted Patents or related patents and applications.

**TOPIC NO. 4:**

All facts and circumstances relating to CommScope's evaluation or investigation of any alleged infringement by Rosenberger of the Asserted Patents.

**TOPIC NO. 5:**

All facts and circumstances relating any analysis of any infringement of any of the Asserted Patents by any entity other than Rosenberger.

**TOPIC NO. 6:**

For each product or service made, used, offered for sale or sold by Rosenberger that CommScope asserts infringes any claim(s) of the Asserted Patents, the date(s) and circumstances regarding when CommScope first became aware of such product or service and the possibility of infringement.

**TOPIC NO. 7:**

The earliest date and location of the first written description or disclosure of the claimed subject matter of the Asserted Patents in a printed publication, the first non-confidential disclosure to a third party, the first offer for sale or sale, and the first public or commercial use.

**TOPIC NO. 8:**

Prior art to the Asserted Patents, including prior art references identified to CommScope by any third party, and any evaluation or investigation of prior art by or on behalf of CommScope relating to the Asserted Patents or related patents and applications.

**TOPIC NO. 9:**

All facts and reasons relating to why CommScope believes that the claims of the Asserted Patents are valid.

**TOPIC NO. 10:**

The standards or any other reason that CommScope uses for assigning a new part number for component parts for base station antennas, as opposed to creating a new revision.

**TOPIC NO. 11:**

All facts and circumstances relating to any praise, criticism, or discussion regarding the significance of the claimed invention(s) of the Asserted Patents, or any product that embodies or uses any such invention(s), including, without limitation, the prior need in the industry for any claimed invention of the Asserted Patents, the inability or failure of others to produce it, its commercial success, skepticism in the industry or from experts, achieving unexpected results, and copying or infringing in the industry.

**TOPIC NO. 12:**

All facts and circumstances relating to the commercial success, popularity of, or consumer demand for any product that practices or substantially embodies the alleged invention(s) claimed in the Asserted Patents.

## TOPIC NO. 13:

All facts and circumstances relating to any actual or potential (whether now or previously under consideration) license agreements, settlement agreements, transfers or other agreements related to the Asserted Patents or related patents and applications, including the identity of all actual or potential licensees to the Asserted Patents or related patents and applications, any and all actual or potential licensed products, the structure of such actual or potential licenses and settlements, the consideration, including any monetary amounts and royalties CommScope has either offered, been offered, or accepted for such licenses and settlements, the forms and amounts of royalty payments received, methods used to determine any actual or potential royalties, and royalty rates.

## TOPIC NO. 14:

All facts and circumstances relating to any actual or potential (whether now or previously under consideration) license agreements, settlement agreements, transfers or other agreements by CommScope Technologies LLC (or its affiliates) or Andrew Corporation (or its affiliates) involving BSA Patents, including the identity of all actual or potential licensees to the BSA Patents, CommScope/Andrew's reasons for granting the patent license, any valuations of CommScope/Andrew patents subject to the license, any valuations or analyses of any patent portfolio to which CommScope/Andrew received a cross-license, any and all actual or potential licensed products, the structure of such actual or potential licenses and settlements, the consideration (including any monetary amounts and royalties CommScope has either offered, been offered, or accepted for such licenses and settlements), the forms and amounts of royalty payments received, methods used to determine any actual or potential royalties, and royalty rates.

**TOPIC NO. 15:**

All facts and circumstances relating to the ▮▮▮▮▮▮▮▮▮▮ by and between CommScope Technologies LLC ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including CommScope's reasons for granting a patent license, any valuations of CommScope's patents under the license, any valuations or analyses of the ▮▮▮▮▮▮ patent portfolio to which CommScope received a license, and any royalty rate for the patent license.

**TOPIC NO. 16:**

All facts and circumstances relating to the ▮▮▮▮▮▮▮▮▮▮▮▮t by and between Andrew Corporation and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including Andrew/CommScope's reasons for granting a patent license, any valuations of Andrew/CommScope's patents under the license, any valuations or analyses of the ▮▮▮▮ patent portfolio to which CommScope received a license, and any royalty rate for the patent license.

**TOPIC NO. 17:**

All facts and circumstances relating to CommScope's efforts to license, commercialize, or otherwise monetize the Asserted Patents or related patents and applications, including but not limited to the identity of actual or proposed licensees, the identity of actual or proposed licensed products, the subject of any offer to license, and any communications or plans about monetizing the Asserted Patents through potential or actual litigation.

**TOPIC NO. 18:**

All facts and circumstances relating to any studies, analyses, evaluations, opinions, or communications with third parties concerning the value or valuation of the Asserted Patents or related patents and applications or any alleged invention(s) claimed therein.

**TOPIC NO. 19:**

All facts and circumstances relating to the type or nature of any alleged harm to CommScope and/or amount of damages allegedly caused by the alleged infringement of the Asserted Patents, including but not limited to any evaluations, calculation, or determination of any reasonable royalty, lost profits, price erosion, or other form of damages CommScope contends it is entitled to receive in this action.

**TOPIC NO. 20:**

The revenue, costs, profitability, pricing, and quantity of units sold, by product, of all CommScope products that practice or substantially embody any claim of the Asserted Patents, for all months in which each such product has been sold.

**TOPIC NO. 21:**

Competition and market share between CommScope products that practice or substantially embody any claim of the Asserted Patents and any third-party products.

**TOPIC NO. 22:**

The availability of any acceptable non-infringing alternatives to the subject matter claimed in the Asserted Patents.

**TOPIC NO. 23:**

All facts and reasons relating to alleged irreparable harm and why CommScope believes it is entitled to an injunction enjoining and restraining Rosenberger in connection with this lawsuit.

**TOPIC NO. 24:**

All facts and circumstances relating to the research and development of each CommScope product that practices or substantially embodies any claim of the Asserted Patents, including date of first sale, offer for sale, or public use.

**TOPIC NO. 25:**

The design, operation, and performance of each CommScope product that practices or substantially embodies any claim of the Asserted Patents.

**TOPIC NO. 26:**

All facts and circumstances concerning any sale or offer for sale by CommScope of any product practicing or substantially embodying the alleged invention(s) claimed by the Asserted Patents, and the costs, profits, and revenues earned by CommScope from any such sales or offers to sell.

**TOPIC NO. 27:**

All facts and circumstances relating to CommScope's knowledge or belief that a product offered by a licensee of the Asserted Patents practices (or does not practice) any claim of the Asserted Patents.

**TOPIC NO. 28:**

All facts and circumstances relating to marking pursuant to 35 U.S.C. § 287 of any product, system, or technology that practices, uses, embodies, or incorporates any alleged invention(s) claimed in the Asserted Patents, including marking or lack thereof by CommScope, marking or lack thereof by any licensee of any Asserted Patent, any efforts by CommScope to determine whether or ensure that any licensee marked or did not mark licensed products with any Asserted Patent.

**TOPIC NO. 29:**

All facts and circumstances relating to licensees of the Asserted Patents marking any product or service with the number(s) of any Asserted Patents.

**TOPIC NO. 30:**

All facts and circumstances relating to any notice to Rosenberger prior to the filing date of the Complaint of any alleged infringement of the Asserted Patents.

**TOPIC NO. 31:**

Any factual bases for any contention that Rosenberger willfully infringed any of the Asserted Patents.

**TOPIC NO. 32:**

The documents and records created, generated, or prepared in connection with developing, offering products for sale, selling, or licensing BSAs (e.g., sales invoices, purchase orders, RFPs/RFQs and responses thereto, quotes, budgets, financial statements, general ledger entries, valuations, negotiation documents etc.); the retention, filing, and maintaining of such

documents; the locations of such documents; and the persons responsible for creating, generating, preparing, retaining, receiving, filing, and maintaining such documents.

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 19, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan<br>Valerie A. Caras<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC NOTICING* |
| Philip P. Caspers<br>Derek Vandenburgh<br>Timothy A. Lindquist<br>Dennis C. Bremer<br>Iain A. Mcintyre<br>Tara C. Norgard<br>Saukshmya Trichi<br>CARLSON, CASPERS, VANDENBURGH &LINDQUIST, P.A.<br>225 South Sixth Street, Suite 4200<br>Minneapolis, MN 55402<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC NOTICING* |
| Kelly Fermoyle<br>Randall Kahnke<br>Lauren W. Linderman<br>Tyler A. Young<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC NOTICING* |

Harmony Mappes  VIA ELECTRONIC NOTICING
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
*Attorneys for Plaintiff*

/s/ *Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)